21 5 0 6 9 and we'll hear from Miss Johnson. Thank you, Your Honor. May it please the court. I'm Sherry Johnson with the Oklahoma Attorney General's office. This case presents the question of whether a non-capital defendant has a constitutional right to testify at his sentencing proceeding. We are here today because in Petitioner's habeas case, the district court erroneously concluded that the state court's exclusion of his testimony at his non-capital sentencing proceeding offended his right to testify as defined by Rock v. Arkansas. Because Rock does not authorize such a claim, the exclusion of Petitioner's testimony was not contrary to or an unreasonable application of Rock. Therefore, the district court's conditional grant of habeas relief must be reversed. Petitioner in this case was not entitled- The way you framed that seems to assume that Rock is going to reestablish federal law. I'm sorry. Well, the way you just framed the issue seems to be to at Rock is clearly established federal law. Are you conceding that or are you disputing that? I- In House v. Hatch, Judge Holmes said that before you apply 2254 D1, you have to decide whether or not there is any clearly established federal law to be unreasonably applied or to have a disposition that's contrary to. So that, in Judge Holmes' view in House, was the antecedent question. So I just didn't know if you're disputing or conceding that Rock is clearly established federal law. We dispute that Rock is clearly established federal law for the purposes of a defendant's right to testify at a sentencing proceeding. Rock is clearly established federal law for the purpose that there is a fundamental right to testify in your own defense at a guilt stage or at a stage where a factual finding is before the jury. What distinguishes this case from Rock is that unlike Rock where the defendant's testimony about a factual issue before the jury was excluded, here there was no factual issue before the jury at which the defendant's testimony was excluded. Guilt was not an issue at Rock's resentencing trial. The only issue before the jury was punishment and the existence of his prior felony convictions, which he did not contest that those convictions were valid for purposes of sentence enhancement. Ms. Johnson, do you have in your mind a checklist of federal constitutional rights that exist at a guilt trial that don't exist at a sentencing trial other than the one in question in this case? For example, I'm sure there's a right of allocution. Well, there is no constitutional right to allocution. In a sentencing proceeding? I believe there's Supreme Court law that states there is no federal constitutional right to allocution at a sentencing proceeding. Yes, sir. That means after a verdict is in either from the bench or a jury that the defendant can be ordered to stand and sentence right there without any right to make any statement at that sentencing proceeding. Well, here we're looking at whether that right is clearly established by Supreme Court precedent and my research indicated that there that was not a constitutional issue. In fact, what we have the Seventh Circuit concluding that there is no clearly established right to testify at sentencing. If this court were to conclude otherwise, it would create a circuit split, which in itself would be indicative of no clearly established law. Do you have a, what about other, what we think of as common rights that the federal constitutional rights that one has at the guilt phase, but not at the sentencing phase? I mean, I don't know if you have a checklist or not. That's what exactly you have in your mind. Well, one of the issues here is whether or not a non-capital defendant has the right to present mitigating evidence at sentencing and the Supreme Court has repeatedly held that there is no right to individualize sentencing in a non-capital context. So, no, there is no right to present mitigating evidence at a sentencing proceeding if you're a non-capital defendant and that was one of the reasons that the state court excluded the proffered testimony. In what Supreme Court case are you referring to? I believe that's Harmelin. Okay. And does that mean, is that the case that you're relying upon for the proposition that there is no federal constitutional right of allocution at sentencing? No, I apologize. I can't remember the name of the case. That's all right. I interrupted you. It's okay. I would say this court is also, well, let me back up. White v. Whittle explained that guilt phase versus penalty phase is exactly the type of distinction in context that can preclude the existence of clearly established law. Let me ask you a question. So, I want to make sure I understand like the Oklahoma State Court procedure for this, for a non-capital case. At some point you can have a bifurcated proceeding in Oklahoma State Court, right? Yes, Your Honor. But that's not every case? No, Your Honor. If prior felonies are alleged for sentence enhancement purposes, the first stage of the trial, the guilt stage, will be conducted like any other trial. And then the second stage, the purpose, is to determine whether or not there are prior felonies and to impose punishment. Okay, but even in a prior felony case, the sentencing jury, can it be the same as the guilt jury? Yes, Your Honor. Okay. So, take this, let's just think about this case. So, you have a situation where you choose not to testify in the guilt phase, but all this evidence comes out live about how you've been in the hospital, your back was hurting, you took all these medications, and I assume that the purpose of all that testimony is, I mean, the proffer in this case was to, you know, make the defendant seem less culpable to the new sentencing jury. But anyway, they heard all this the first time around and certainly nobody has to take the stand in the guilt phase of their trial. But the second time it comes around, none of that is live on remand for a new sentencing, right? Well, in this case, that evidence did come forward live because the jury heard about his interview with the petitioner. All right. And I guess what troubles me is that when it goes back for a re-sentencing, the government's testimony can be more honed, you know, to make the person seem more culpable and they can't get on the issues to try to, you know, get the jury to feel like they're less culpable. And I realize we're sort of teetering on an error correction argument here, but I just wonder if at some point the structure of the sentencing on remand does have counsel in favor of letting the defendant take the stand. Two responses to that. First, there is no allegation that the state intensified its guilt stage evidence for the purposes of this re-sentencing hearing. In fact, if you read the record and the hearings about discussing what would be presented, it was clear that this was not about guilt, that the purpose of this re-sentencing proceeding was simply to put the facts of the case before the jury so that they would know what they were assessing punishment for. In fact, during some of the hearings, the defense counsel indicated, well, I know what the testimony is going to be and here are the things that I would like struck. He was attempting to blunt the impact of the original testimony. He didn't succeed because the testimony was properly admitted. But again, we don't have an allegation that the state somehow beefed up its case for the purposes of this re-sentencing proceeding. In fact, the state argued that nothing new should have come in. Second, if we're going to allege that there was some sort of state right to additional due process in this re-sentencing proceeding, that's an entirely new claim that's never been exhausted or briefed. So it's not one that the defendant, the petitioner is entitled to habeas relief on. Okay. Does that satisfy your answer? That satisfies my question. It wasn't a very articulate question anyway, so I commend you for getting to it. Thank you. Assuming that we think there is a federal constitutional right and it was, we affirm on the merits, the district court, is it necessary to go on then to determine whether this was a structural error or one that requires a showing of prejudice? I believe the district court, and we argued as well in the district court, that this is not a structural error. It's not one that the Supreme Court has identified as structural error. It is subject to a harmless error analysis. And we would argue that it would be de novo review for this court that the district court erred when it found that this alleged error was not harmless. The most important part is because the district court gave no consideration that the jury would not in fact be angered by a seven-time convicted felon getting up on the stand and making excuses about why he was the sole caretaker of three children under four years old and he chose to consume an oxycodone and wash it down with beer and he passed out. Is it relevant to that issue? First of all, as I understand it, the record from the guilt phase did come in evidence. I believe it did. It was argued that everything that was under the statute, it was eligible to be admitted, but I believe basically the state put its witnesses on live again. I would like to reserve a minute for rebuttal, but I'll finish your question. I wanted to clarify something. So the record in the guilt phase was not before this jury? Your Honor, I don't think I can answer that. When I reviewed the records again, I looked at what was presented to the jury and they were live witness testimony and defendant's exhibit, which was the forensic interview of his son. So the statute says what is admissible, but it shows that the entire record of the original trial is not automatically admitted. What is admitted is what is needed to put the facts before the new sentencing jury. So if the entire record is eligible, the state doesn't put it in, then the defendant has the opportunity to put that in, correct? I would agree with that and I think that's what happened here when he offered that DVD. But does the defendant then have the right to have part of the record admitted, but not all of the record? I think that that's an issue beyond what we have here because the defendant only asked for the DVD to be admitted and that was something that was previously admitted in the original trial. So had he asked, I'm sure that's something that would have been litigated during the pretrial hearings. The forensic interview of W.L., his son that was outside naked in the cold. Okay, so one video came in from the original record? According to the record of the resentencing trial, that is the only defendant's request in the state stipulated. I see that my time has nearly concluded. So if I don't have time for rebuttal, I would respectfully request that the district court's grant of habeas relief be reversed. All right. Thank you. Thank you. We'll hear from Mr. Ray. May it please the court. My name is Ryan Ray and I represent the petitioner in Appalachia, William Lou Allen. But you are not the lawyer below? Oh, I was not, your honor. He was pro se before the district court and I was appointed by this court. Pro se? He was pro se in the federal habeas case. He was represented by counsel in the state sentencing trial that took place. And the reason this court should affirm the district court is because Mr. Lou Allen was denied his constitutional right to testify at the sentencing trial that took place in this case. Unfortunately, Congress in 1996 said just the opposite, that that is not enough. In fact, we can't even consider that question until we consider whether or not the Oklahoma Court of Criminal Appeals has unreasonably applied or acted in a way that was contrary to clearly established federal laws determined by the Supreme Court. And you have argued that the state has forfeited or waived that through invited error. My first question is about forfeiture. And under Gardner, how can you argue that the state has forfeited the standard of review? It seems to me that in Gardner that we had specifically held that the state cannot forfeit the applicability of 2254 D1 and how it should be correctly applied. Do you agree or disagree with that? I know you have a separate argument on invited error. Forfeiture first. So I don't believe under the case law, Your Honor, that the application of 2254 D in general, if there's a decision on the merits, can be forfeited. What I think can be forfeited is the issue of whether Rock v. Arkansas applies to this case. Well, let me probe that. Because I know you have argued that they have invited error by arguing that Rock is applicable. But, you know, we have a lot of cases that say that just because something is applicable. For example, we have a precedent, a panel precedent, that says that the state can't whatever, X. And a petitioner on habeas says, oh, well, you know, the state has violated X. And we have a binding precedent from the Tenth Circuit. And we have case after case that says, no, 2254 D1 means what it says. It says, clearly established federal law as determined by the Supreme Court. And there must be a Supreme Court precedent, a holding that says that Rock is applicable in this bizarre sentencing stage that Oklahoma happens to have. So just the applicability of Rock, I don't think, gets you the 2254 D1. You have to show that a Supreme Court precedent has clearly established the applicability of Rock. Do you disagree with that? Perhaps slightly and analytically, Your Honor, but what I would say this, the bigger picture is the Rock versus Arkansas itself establishes its application to this case because it speaks in terms of a criminal trial and a criminal case. That's your argument on the merits. The state happens to disagree with you. The state happens to say that before you get to the merits, the applicability of this, because Oklahoma caused the sentencing phase before a jury, a trial doesn't necessarily mean that it is the same factual circumstance that was involved in Rock. And so while you may be right on the merits, I'm still, before I get to the merits, I've got to figure out whether or not we can get past 2254 D1. And I just don't know how you can surpass 2254 D1 by arguing that Rock applies, trust me, trust Judge Egan, and it applies. Well, the Supreme Court hasn't said necessarily that it applies, or at least they are arguing that the Supreme Court hasn't necessarily said that it applies in a sentencing trial before a jury. What I would say is this, Your Honor, everyone until the state in this appeal, everyone in this case that has analyzed the question, the Court of Criminal Appeals, the district court, the state in its briefing below, has said that Rock applies. For purposes of 2254 D, Rock sets forth a rule that applies. And the Supreme Court in all the cases the state talks about, says that our precedents can set a general rule that applies to other factual circumstances, not the Supreme Court. I was referring to what the court said in the Panetti case. So the application of Rock v. Arkansas, I would admit, is self-evident from Rock itself. But again, it's every court that has looked at this question and the state itself in its briefing until this appeal has said that Rock applies to this question. Has anybody ever said in this case, other than you and Judge Egan, that Rock's applicability to the sentencing phase for a jury under Oklahoma's bifurcated stage has created clearly established federal law that's applicable in this circumstance? I don't know that the Court of Criminal Appeals, which is the court that took that out. In this case, in other words, her, has she said that? Because you're arguing that she forfeited it, which makes me think, no, you're not going to go that far. You're making an error. But if she forfeited the argument, I don't know how you can transform that into arguing that she has actually argued that Rock clearly applies, that the Supreme Court has previously enunciated that Rock applies in the sentencing phase for a jury. I would say this, Your Honor. Their briefing at the Court of Criminal Appeals and their briefing in the federal district court discussed Rock versus Arkansas extensively as the Supreme Court decision applying to this issue. And that from there emanates, Your Honor, our position on forfeiture. Okay, I'm going to ask you one last question, and I promise to gosh, I will shut up. The Oklahoma Court of Criminal Appeals didn't decide, wouldn't decide, had nothing before it to decide whether or not Rock was clearly established federal law as determined by the Supreme Court. That only comes into play in a 2254-D1, and the Oklahoma Court of Criminal Appeals would have had no reason, nor would she have had any reason or her predecessor had any reason to argue one way or the other whether or not Rock, not applies, obviously, that's a key issue, but whether or not it created clearly established federal law as determined by the Supreme Court. I do believe, though, Your Honor, that they identified it as the governing precedent on point from the United States Supreme Court that laid down the holdings that I would submit clearly apply to a trial. And I also think it's important that the Court of Criminal Appeals said this was a trial. This was a trial that happened here. And just, yes, Your Honor. No. Oh, I'm sorry. I thought you had a question. We've discussed, the court discussed a little bit earlier with opposing counsel, but I do think what happens here is there is a right to a bifurcated trial statutorily in this situation, and Mr. Llewellyn appealed both of those determinations, and the court remanded for just the sentencing phase of trial. That is a phase of trial that is established by Oklahoma's procedures, and Rock v. Arkansas says if there is a criminal trial that the accused has the right to present his version of events in his own words. And that is really the key here is that the state was able to recall all of the witnesses. I believe this is what occurred here is the state recalled all of the witnesses that testified at the first trial, and they were able to present their version of the events in question in their words. And Mr. Llewellyn was denied his ability to present his version of events in those words. And that's based upon the Court of Criminal Appeals interpretation of its evidentiary rules. Let me ask you something. So where do you think you would be if your client at the sentencing trial said, I want to take the stand? And the district court judge says, okay, take the stand, swears him in, and his lawyer says, tell me, you know, your condition on the day of, you know, that the police came over and took custody of your children and arrested you. Objection, your honor, hearsay, sustained. All right, let me rephrase. And so you go down this line and on every turn, there's an objection to relevance and it's sustained. What if that was the posture of this case? Have you been denied the rights to take the stand? I think likely, your honor, because Rock v. Arkansas says you can't have an arbitrary disproportionate limitation on the accused's right to present his version of events in question. Here's what concerns me. The district court said that he was denying your client's right to take the stand because the testimony was going to be irrelevant. Denied it on relevance ground. And that could very well be that that was an error, that that was an evidentiary question that the district court got wrong. But in my hypothetical and in that case, it seems to me that we're in the error correction realm then. And clearly you don't get this kind of relief that you're seeking here today for error correction only. It's the nature of the error, your honor, where the Court of Criminal Appeals in Oklahoma has these cases that say categorically that a defendant cannot offer his version of the events in question. And that's what's directly contrary to the rules in Rock, or at least it's an unreasonable application of the principles laid down there, which is to have a body of case law based on the state's evidentiary rules. That's exactly what was at issue in Rock. Well, what if, I mean, okay, so let's explore that a little bit. What if you have a trial and your theory at trial was something completely different than what was proposed, the defendant proposed to say on the stand during sentencing? Say in this case that the defendant had not taken the stand, but your position was, was that the defendant was not guilty because, you know, he had, I don't even, I don't even have a good hypothetical for you, but for another reason. And then at sentencing, the defendant says, yes, you convicted me, but I was on all these pain medications. My back hurts so bad. I really should have been in the hospital. We're very poor, this, that, and the other. I mean, is that okay? Can, can you go and change your story, even though you could be impeached? I mean, couldn't the district court through its inherent powers control that somehow? I think potentially, and I think things that go to, if a defendant wanted to take the stand in a sentencing phase of trial and just say, I didn't do this at all, that potentially, if there could be a weighing and an analysis consistent with ROC that could exclude that. But what, what is at issue here is, I mean, this is a very broad crime that can be convicted in a number of ways, and the sentencing jury is being told from state witnesses things about how Mr. Llewellyn committed this offense. And he is being denied categorically his ability to explain those same exact facts of the day in question, which is inconsistent fundamentally with the core rules set forth in ROC versus Arkansas. I see the, I see the, I mean, I see your argument. I'm, I'm not unsympathetic. I just think you've, that this case is, at least for me, is close on the idea that maybe you're asking us to correct an evidentiary error. No, I don't have anything else. Mr. Ray, Judge Egan issued a prodigious decision in this case. And so, refresh my recollection. Is there any place in that decision where she stated expressly, suggested, or intimated that the state had conceded that ROC was clearly established Supreme Court precedent applicable to that case? In that precise way, in that opinion, I don't believe so. I believe there were some subsequent... Well, I didn't say in that way. I said, did she intimate, suggest? I think there was certainly a recognition by her that everyone had taken the position that ROC versus Arkansas applied and was just satisfied. Okay. So, is there any specific language in that decision, or is it just the whole panoramic view of the decision that causes you to answer in that fashion? I do think it's a more panoramic view, Your Honor, of the issue. But I do think there is just a recognition that ROC applies. Because no one has contested its applicability. And in fact, the state in its briefing before Judge Egan talked about ROC extensively and why it was satisfied by the Court of Criminal Appeals decision. All right. Thank you very much. And the appellant is out of time. We appreciate both of your fine advocacy, and this matter will be submitted.